| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 | Order Filed on June 9, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Antonio Velez,<br><br>Debtor. | Case No.:  22-12454 MBK<br>Adv. No.:<br>Hearing Date:  6/8/2022 @10:00 a.m.<br><br>Judge:  Michael B. Kaplan |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: June 9, 2022**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:     Antonio Velez
Case No.:   22-12454 MBK
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18, holder of a mortgage on real property located at 22 Cannonball Drive, Barnegat, NJ, 08005, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Daniel E. Straffi, Esquire, attorney for Debtor, Antonio Velez, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by September 1, 2022, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is to pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its rights to object to an extension or apply for early termination of the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.